**(May 12, 1953.)**

REPUBLIC OF CHINA, Appellant, *v.* PANG TSU MOW et al., Respondents.

*Per Curiam.* The allegations of the complaint sufficiently meet the requirements for service by publication. Because all of the relief sought may not be obtained upon that type of service, the court is not deprived of jurisdiction to grant so much of it as such service permits. Insofar as plaintiff proceeds against the property in this State, the action is one in rem. As to such assets, plaintiff claims that they represent part of funds belonging to it which were entrusted to defendant Mow, and it demands judgment excluding said defendant from any vested or contingent interest therein. While an accounting may be necessary in order to establish plaintiff's right to the property, that requirement would not serve to change the character of the action to one in personam. The accounting would merely result in a finding upon which the extent of plaintiff's interest in the New York property could be determined. The result of the accounting would not and could not be made the basis for a personal judgment against Mow for the excess over the value of the property in this

State, held by the other defendants and of which plaintiff claims to be the rightful owner.

The order appealed from should, therefore, be reversed, with costs, and the motion denied.

Peck, P. J., Glennon, Dore, Van Voorhis and Bergan, JJ., concur.

Order unanimously reversed, with one bill of $20 costs and disbursements to the appellant and the motion denied. Settle order on notice.